pensation, in whatever part of the world they may be, as an indemnity for their disappointment. It is a conventional sum, which may be much more or much less than an actual indemnity. Whether they may in any and what cases agree to forego this payment, is not a question which arises in this case. For I hold with the counsel for the respondents that these men were not discharged in a foreign country within the meaning of the law. It does not appear that they either demanded or received any discharge from their contract; they rather acquiesced in its being carried out according to the construction put upon it by the master. Having received pay for the whole time of their service, and for a much longer period, namely, to the time of their return home, and all their expenses, they have had all that in an ordinary case they could recover if they had been wrongly discharged abroad, and it would be an anomaly if they could recover more than this when they have been dealt with in all fairness, and according to their contract. It does not appear by the evidence that any of the libellants would have been benefited by receiving two months' wages at Hayti instead of the sums which they have received. Nine of them have had one month's pay besides their expenses; and the evidence does not show whether the expenses here equalled the amount of the remaining month's wages. Probably they may, and if so, these men have suffered nothing. But as this was not called to the attention of the parties at the hearing, and is not made certain, I must decide the general question. And my opinion is that on the facts of this case the men were discharged here. The statute does not apply to a case where the owners, with the consent of the crew, and in accordance with the original contract, have brought them home and paid all their .expenses and their wages in full up to the time of their return.

It has been argued that the articles are void; because the law will not oblige seamen to serve in any other vessel than that on which they ship. The seamen did not raise this objection in season. They waited till the whole contract had been performed; and after that time a court of admiralty will not interpose excepting to see that they are fairly dealt with under the contract which they have in fact performed. In this case they appear to have received all that in equity they could possibly demand. If the owners, by the course they have taken, saved the payment of one month's wages each for these men to the consul at Port au Prince, for the use of the United States, the libellants have no cause of complaint on that account; nor can they justly demand damages for being treated as passengers during the voyage home, since they received the wages of seamen and were merely deprived of the labor. Libel dismissed.

## Case No. 12,015.

ROGERS v. LINN.

[2 McLean, 126.] [1]

Circuit Court, D. Illinois. June Term, 1840.

PARTIES — ASSIGNEE — RIGHT OF ASSIGNOR TO BRING SUIT.

1. The assignee, who sues in his own name, must show, to give jurisdiction to the circuit court, that his assignor, at the time of the assignment, might have brought the suit in his own name.

[Criticised in Chamberlain v. Eckert, Case No. 2,577. Cited in Varner v. West, Id. 16,-885.]

2. The circuit court having only a limited jurisdiction, it must be shown in the pleadings.

[This was an action by Moses Rogers against William Linn. Heard on demurrer.]

Cowles & Krum, for plaintiff.
Davis & Forman, for defendant.

OPINION OF THE COURT. A demurrer is filed to the declaration in this case, on the ground that the plaintiff has brought the action as assignee, and does not aver or state, in his declaration, that his assignor might have brought suit in his own name, in this court, at the time of the assignment. This is a fatal defect in the declaration. The jurisdiction of this court is limited; and it has often been decided that the plaintiff must show, in his pleadings, that the case is within their jurisdiction. By the 11th section of the judiciary act of 1789 [1 Stat. 78], the assignee of a negotiable instrument can not maintain a suit in the federal court in his own name, unless the assignor could also have sued, at the time of the assignment, in the same court. And this must appear in the pleadings, or the exception will be fatal if raised by demurrer, on a motion in arrest of judgment, or on a writ of error. In a suit by the indorsee of a promissory note against the drawer, it must appear on the record, that the circuit court would have had jurisdiction, as between the original parties to the instrument, or it will have none over the case. Turner's Adm'rs v. Bank of North America, 4 Dall. [4 U. S.] 8; Montalet v. Murray, 4 Cranch [8. U. S.] 46. The demurrer is sustained; but, on motion, leave is given to amend the declaration.

---

ROGERS (LONG v.). See Case No. 8,482.

---

## Case No. 12,015a.

ROGERS v. MARSHALL et al.

[See 13 Fed. 59.]

---

ROGERS (MATTOCKS v.). See Case No. 9,-300.

---

[1] [Reported by Hon. John McLean, Circuit Justice.]